# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**ERIC MONTGOMERY,**

    **Petitioner,**

v.                                        Case No. 1:24cv122-AW/MAF

**RICKY DIXON, Secretary,**
**Florida Department of Corrections,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION
## TO TRANSFER HABEAS CORPUS PETITION

On July 18, 2024, Petitioner Eric Montgomery filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, with exhibits. ECF No. 1. He has not yet paid the filing fee, but he has submitted a motion for leave to proceed in forma pauperis (IFP), ECF No. 2.

Petitioner Montgomery is currently incarcerated at the Florida State Prison in Raiford, Florida, which is in Union County, located in the Middle District of Florida. *See* 28 U.S.C. § 89(b). Petitioner Montgomery challenges a state court judgment from the Seventeenth Judicial Circuit, Broward County, Florida, which is located in the Southern District of Florida. ECF No. 1 at 1-2; *see* 28 U.S.C. § 89(c).

For federal habeas corpus actions, jurisdiction is appropriate in the district of confinement, the Middle District; and the district of conviction, the Southern District. 28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district of conviction or in district of incarceration). Petitioner Montgomery is not confined in this district and does not challenge the judgment of a state court located in this district; thus, jurisdiction is not appropriate in the Northern District of Florida. Because the district of conviction appears to be the more convenient and appropriate venue, this petition should be transferred to the United States District Court for the Southern District of Florida. See 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."); Mitchell v. Henderson, 432 F.2d 435, 436 (5th Cir. 1970) ("Under 28 U.S.C.A. § 2241(d), state convicts may file federal habeas corpus petitions in the district either where they are confined or where they were convicted. The purpose of this, of course, is to provide a more convenient forum for witnesses."). See also Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992) (explaining that "district courts should avoid the temptation

to transfer habeas petitions without giving careful consideration to the convenience of witnesses" and, at note 118, citing <u>Mitchell</u>).

Accordingly, it is respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Southern District of Florida, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 25, 2024.

<u>S/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**